```
              IN THE UNITED STATES DISTRICT COURT
             FOR THE NORTHERN DISTRICT OF GEORGIA
                         ATLANTA DIVISION

ORLANDO MARK CLARKE,          :    CIVIL ACTION NO.
BOP Reg # 84591-054,          :    1:12-cv-3607-JEC-JCF
     Movant,                  :
                              :    CRIMINAL ACTION NO.
     v.                       :    1:05-cr-371-JEC-JCF-1
                              :
UNITED STATES OF AMERICA,     :    MOTION TO VACATE
     Respondent.              :    28 U.S.C. § 2255
```

**ORDER**

Movant, a federal prisoner, seeks relief in this Court via a 28 U.S.C. § 2255 motion to vacate his 180-month term of imprisonment for his drug trafficking crimes of conviction. ([229]; *see* [236] at 1-2.) Now before the Court are the Magistrate Judge's Report and Recommendation ("R&R") [236] and Movant's Objections thereto [239]. Under 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72, the Court has conducted a *de novo* review of those portions of the R&R to which Movant objects, and has reviewed the remainder of the R&R for plain error. *See United States v. Slay*, 714 F.2d 1093, 1095 (11th Cir. 1983).

Movant raises three grounds for relief in his § 2255 motion. ([229] at 4-7; *see* [236] at 8.) The Magistrate Judge recommends that the Court hold an evidentiary hearing on Movant's first ground, in which he alleges that his trial counsel provided ineffective assistance regarding one or more plea offers, including one offer made during the course of his trial. ([236] at 13-14.) The

AO 72A
(Rev.8/82)

Government concedes that a hearing "may be necessary." ([233] at 20 n.11.)

The Magistrate Judge recommends denying Movant's remaining two grounds for relief. ([236] at 21-22, 25.) In the first of these remaining grounds, Movant challenges trial counsel's failure to obtain and present the opinion of a handwriting expert regarding the authorship of a note containing Movant's name and telephone number, which note Special Agent Greg Malloy had discovered in the possession of a suspected drug courier, Ms. Terry Ann Chung, after her arrival at the Atlanta airport on August 10, 2000, with two suitcases containing cocaine. (*Id.* at 15-22; *see id.* at 3-4.) In Movant's other ground for relief, he challenges trial counsel's alleged failure to properly cross-examine Air Jamaica employee Anthony Dowd regarding Dowd's purported recollection, seven years after the fact, of the assistance he provided to Chung in attempting to locate a "Wayne Clarke" at the Atlanta airport on August 10, 2000. (*Id.* at 22-25.)

The Magistrate Judge concluded in each instance that Movant was not prejudiced by trial counsel's alleged failures because there was sufficient evidence to support Movant's convictions despite counsel's allegedly deficient performance. The Magistrate Judge also concluded that the results of the handwriting analysis performed after Movant's trial were not so convincing as to establish his actual innocence in

2

light of the other, substantial evidence of his guilt that was presented at his trial. (*Id.* at 21-22, 25; *see id.* at 3-7.)

Movant objects to the Magistrate Judge's recommendation to deny his remaining two grounds for relief. ([239].) Movant's objections hinge on the failure of a May 2002 grand jury to indict him, which he contends occurred because Atlanta City Police Officer Dennis McMichael, who arrested Chung on August 10, 2000, testified before the grand jury that Chung did not know a "Wayne Clark." (*Id.* at 2-3.) Movant contends that the August 2005 grand jury returned an indictment against him only because Special Agent Malloy testified that Chung asked Dowd "to page a Wayne Clark twice" on August 10, 2000. (*Id.* at 3.)

Movant argues that Dowd's testimony at the April 2007 trial that "he paged Wayne Clark twice. . . . is impossible as we already know that in May of 2002 . . . McMichael [sic] under oath testified that Ms. Chung did not know of a 'Wayne Clarke.' " (*Id.*) Movant points out that Malloy, "who arrive[d] at the airport hours after Ms[.] Chung was in custody[,] was able to find the 'Note' with Wayne written on it," and that Malloy "also discovered the paid government witness Antonio Dowd who was paid $3,000.00 for his testimony." (*Id.*) Movant asserts that this note was fabricated to establish a connection between Movant and Chung, by demonstrating that Movant had authored the note, when no such connection existed. (*Id.* at 3-4.)

3

Movant argues that the handwriting analysis performed on February 24, 2009, refutes the basis for this alleged connection because it shows that he did not author the note. (*Id.* at 4.)

Movant indicates that McMichael testified before the May 2002 grand jury that Chung identified her Atlanta contact "as Wayne," but he did not "remember if initially she knew [Wayne's] last name" and testified that he did not "recall that." (*Id.* at 5.) Movant alleges that because the Government could not obtain an indictment in May 2002, it fabricated the August 2005 grand jury testimony regarding the paging of Wayne Clarke "in order to get a True Bill." (*Id.*) "When Agent Greg Malloy was able to locate a paid government witness Antonio Dowd who took the stand during Movant['s] trial in April 2007, it became perjury of material evidence that directly influenced the guilty verdict against [Movant]." (*Id.*) In sum, Movant contends that the Government fabricated the "Note" as well as Dowd's testimony, and therefore an evidentiary hearing is "essential and will go a long way in establishing prosecutorial misconduct and fabrication of evidence by the government." (*Id.* at 6.)

Movant previously claimed that the "Note" was fabricated, and this Court rejected that claim because there was "absolutely no evidentiary support" for it and because there was "other evidence that strongly corroborate[d] the [note's] authenticity." ([209] at 29-30.) Here, Movant once again has provided only speculation, not

4

evidentiary support, for his claims that the government fabricated evidence against him.[1]  The Court once again rejects these unsupported claims and agrees with the Magistrate Judge's thorough analysis and well-founded conclusions that Movant's final two grounds for relief are without merit.  Moreover, there was ample evidence presented at trial regarding Movant's participation in a scheme to import drugs from Jamaica into the United States--involving Ms. Chung and baggage handlers at the Atlanta airport--that did not depend on the authenticity of the note or on the reliability of Dowd's testimony.  (*See* [236] at 3-4.)

Accordingly, the Court finds no error, plain or otherwise, in the Magistrate Judge's R&R regarding Movant's second and third grounds for relief.  The Court **OVERRULES** Movant's Objections to the R&R on those grounds and **ADOPTS** the R&R [236] as the Order of this Court.  Therefore, this matter is **REFERRED** to the Magistrate Judge for appointment of counsel on behalf of Movant and for an evidentiary hearing on his first ground for relief, alleging ineffective assistance of trial counsel with respect to alleged plea offers from

---

[1] In particular, Movant makes too much of McMichael's May 2002 grand jury testimony that he did not recall whether Chung initially knew Movant's last name.  That is far from the definitive statement that Movant construes from it, namely, that McMichael testified that Chung *did not know* Movant's last name and therefore could not have given his full name (Wayne Clarke) to Dowd to be paged.

AO 72A (Rev.8/82)

the Government.[2]

The Clerk is **DIRECTED** to resubmit this matter to the Magistrate Judge for further proceedings consistent with this Order.

**IT IS SO ORDERED** this 26th day of July, 2014.

/s/ Julie E. Carnes
JULIE E. CARNES
CHIEF UNITED STATES DISTRICT JUDGE

---

[2] As noted, the Court agrees with the magistrate judge's denial of movant's first two grounds, based on the present record. That said, as the magistrate judge will be conducting a hearing on the first ground for relief (involving the allegedly undisclosed plea offer), the Order does not prohibit the magistrate judge from expanding the hearing to address movant's other grounds for relief, should circumstances warrant such an expansion.

It also bears noting that the procedural status of this case is somewhat complicated and unusual. In pursuing his motion to dismiss, which was akin to a motion for new trial, the movant tackled the alleged ineffective assistance of his counsel as to one aspect of the case. In doing so, movant was assisted by able and experienced counsel, whom the Court had appointed after movant's retained trial counsel became ill and could not further participate in the case.

Following briefing on this motion, the Court subsequently issued a lengthy order that exhaustively set out and analyzed the facts underlying this claim. Based on that analysis, the Court denied the movant's motion and thereafter sentenced the movant. The latter appealed his conviction, and the conviction was affirmed by the Eleventh Circuit. In that affirmance, the Circuit opinion also discussed, in some detail, the facts underlying the ineffective assistance claim by the movant. Presumably, that holding will constitute the law of the case as to that discrete issue. The extent to which that holding might constrain any ruling on movant's second and third issues, regardless of their merit, has not been briefed and is not the subject of this Order.