IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> ORLANDO MARK WAYNE CLARKE, <br><br> Defendant. | 1:05-cr-371-WSD |

# OPINION AND ORDER

This matter is before the Court on Movant Orlando Mark Wayne Clarke's ("Movant") "Motion for Sentence Reduction Pursuant to Amendment 782" [259] ("Motion").[1]

On January 7, 2011, Movant was sentenced to a total term of 180 months' imprisonment. (See Probation Office Computations [265.1]). The Court calculated Movant's original Guidelines range as follows:

Base offense level:  36
Role:  +2
Total offense level:  38
Criminal history category:  I

---

[1] The Court here discusses only those facts pertinent to the pending Motion. A full history of Movant's criminal proceedings is set forth in previous Orders. (See [263] at 1-7).

      Resulting Guidelines range:  235-292 months.

(Id.).

On March 22, 2015, Movant filed his Motion, seeking a reduction of his sentence under United States Sentencing Guidelines Amendment 782 ("Amendment 782").  Movant argues that Amendment 782 "gives this Honorable Court the authority to modify a defendants [sic] term of imprisonment based on Actual Drug Quantity . . . .  Therefore reducing the defendant [sic] sentence to the Mandatory Minimum of 10 years (120 months)."  (Mot. at 1).

On November 18, 2015, the Government filed its Response to Movant's Motion [265].  In it, the Government argues that, in resentencing Movant, the "Court may not go lower than the low-end of the amended range—here, 188 months' imprisonment."  (Resp. at 2).  The Government argues that, "because 188 months is greater than the term of imprisonment [Movant] originally received—180 months—he is not entitled to a sentence reduction."  (Id.).

Under 18 U.S.C. § 3582(c)(2), the Court has discretion to reduce a defendant's term of imprisonment where the defendant was sentenced based on a sentencing range that has subsequently been lowered by the United States Sentencing Commission.  In April 2014, the United States Sentencing Commission ("Commission") promulgated and submitted to Congress Amendment 782 to the

United States Sentencing Guidelines, which reduced the sentencing guidelines for some federal drug trafficking offenders.  Specifically, Amendment 782 reduced by two levels the offense levels in USSG § 2D1.1(c)'s Drug Quantity Table.  In July 2014, the Commission promulgated Amendment 788 and amended USSG § 1B1.10, which made Amendment 782 retroactive (effective November 1, 2014) but delayed until November 1, 2015 the effective date for orders reducing prison terms based on Amendment 782.  See United States v. Peak, 579 F. App'x 888, 891 n.1 (11th Cir. 2014).

The Court, however, does not have the authority to reduce a defendant's term of imprisonment to a term that is less than the minimum of the amended guideline range.  See United States v. Maxwell, ––– F. App'x –––, –––, 2016 WL 424673, at *1 (11th Cir. Feb. 4, 2016) (citing United States v. Williams, 549 F.3d 1337, 1341 (11th Cir. 2008) ("[W]hen the mandatory minimum exceeds some portion of the [guideline] range for the base offense level, the 'applicable guideline range' would be from that minimum to the upper end of the original guideline range.")); see also U.S.S.G. § 1B1.10(b)(2)(A), (B) (prohibiting the district court from reducing a defendant's sentence under Section 3582(c)(2) below the amended guidelines range).  "This is true even after Booker."  Maxwell, 2016 WL 424673, at *1 (citing United States v. Ciszkowski, 492 F.3d 1264, 1270 (11th Cir. 2007)).

Under Amendment 782, Movant's Guidelines range is as follows:

Base offense level:  34
Role:  +2
Total offense level:  36
Criminal history category:  I
Resulting Guidelines range:  188-235 months

(Id.).  Because 188 months, the minimum of the amended guideline, is greater than 180 months, the term of imprisonment Movant originally received, Movant is not entitled to a sentence reduction.  See Maxwell, 2016 WL 424673, at *1.

The Court further finds that the factors under 18 U.S.C. § 3553(a) did, at Movant's previous sentencing, and do now persuade the Court that 180 months is the fair and reasonable sentence to be imposed on Movant on his conviction.  Accordingly, Movant's Motion is denied.

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Movant Orlando Mark Wayne Clarke's "Motion for Sentence Reduction Pursuant to Amendment 782" [259] is **DENIED**.

**SO ORDERED** this 23rd day of February, 2016.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE