IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

UNITED STATES OF AMERICA,

              **Plaintiff,**

      **v.**

ORLANDO MARK WAYNE
CLARKE,

              **Defendant.**

            **1:05-cr-371-WSD**

## OPINION AND ORDER

This matter is before the Court on Magistrate Judge J. Clay Fuller's Final Report and Recommendation [256] ("R&R"). The R&R recommends that the Court deny Movant Orlando Mark Wayne Clarke's ("Movant") Motion to Vacate his sentence under 28 U.S.C. § 2255 [229] ("Section 2255 Motion"). Also before the Court are Movant's Objections to the R&R [261] ("Objections").

I.    **BACKGROUND**[1]

A.    Procedural History

Movant was tried in this court in April 2007.  His trial counsel was Mr. Barry Turner from New York.  (See [251] at 39).  The history of Movant's criminal proceedings is set forth in previous Orders.  (See [236] at 1-7).

The Court previously denied two of Movant's three grounds for relief in the Section 2255 Motion before the Court.  ([229], [236], [242]).  A hearing was held on his remaining claim that trial counsel provided ineffective assistance by not advising him of a plea offer Movant alleges the government made on the third day of his trial.  ([250], [251]).

Movant initially claimed that his trial counsel received, from the government, a two-and-one-half-year plea offer on the third day of his four-day trial.  Movant claims counsel only mentioned this alleged offer to him in passing, without ever telling him about its details.  Movant asserts counsel told Movant's wife and mother about this offer, but these family members only told Movant

---

[1]    The facts are taken from the R&R and the record.  The parties have not objected to any specific facts in the R&R, and the Court finds no plain error in them.  The Court thus adopts the facts set out in the R&R.  See Garvey v. Vaughn, 993 F.2d 776, 779 n.9 (11th Cir. 1993).

about the offer's details after the trial was over.  To support his claim, Movant

offers the affidavits of his wife and mother, their testimony, and his own.

In March 2008, Movant wrote the Court a letter stating that he personally

rejected the two-and-one-half-year offer when it was communicated to him.  ([152]

at 3 ("May 21, 2008 letter")).  In his post-hearing brief, Movant apparently

concedes, begrudgingly, that "it is unlikely . . . that an offer of two and a half years

would have been presented by the Government."  ([252] at 15).  In any event, this

claim has been abandoned.  (Obj. at 3).

Movant now relies on a claim that trial counsel never informed him of the

government's pretrial plea offer of *ten years*, about which he claims he first

learned when the government mentioned it in response to his Section 2255 Motion.

B.    Evidentiary Hearing Background

In recommending an evidentiary hearing, the Magistrate Judge noted:

> Movant contends that during the lunch break on the third day of
> his trial, "immediately after the testimony of Willie Stewart[,] who
> failed to identify" Movant, the government offered his trial counsel a
> plea deal for Movant to serve two and one-half years in prison.  (Doc.
> 229 at 12-13).  Movant argues that trial counsel provided ineffective
> assistance by informing him that "[t]he government just offered a plea
> deal but we are winning," without providing Movant with any further
> details about the offer, so that he "had no chance to analyze" it.  (Id.).
> Although Movant "did not share his counsel's optimism about the
> status of the trial," he did not question counsel's judgment.  He
> learned only later, after the jury verdict but before sentencing, that
> "counsel had discussed the plea offer with [his] wife and mother, and

told them both on separate occasions that the offer was for two and a half (2$^1/_2$) years." (Id. at 13). Movant asserts that he "would have accepted the plea," which would have enabled him to see the light at the end of the tunnel, but that "[b]y failing to communicate the plea offer, counsel turned off that light, prejudicing [Movant] greatly." (Id. at 14). Movant Supports this claim with his own sworn statement, a sworn statement from his wife, and a sworn affidavit from his mother. (Id. at 21-25).[2]

The government responds by denying that it ever made "this astonishingly low [plea] offer" of two and one-half years. (Doc. 233 at 19). The government notes that the supposed motivation for this offer, that Stewart could not identify Movant at trial, did not surprise the prosecution because the record established that "Stewart was brought into the conspiracy by Meheux and had no direct contact with, and very little information about," Movant. (Id. at 19-20). To the contrary, the government notes, "[t]he final plea offer made to [Movant] by the government would have required [him] to serve 10 years of imprisonment, and [he] rejected this offer, as the government informed the Court at the pre-trial conference held on April 13, 2007, stating that the 'last best offer' made to [Movant] was for 10 years, but [he] 'is not on board with that.'" (Id. at 20 (citing Doc. 231 at 13-14)). Movant's trial counsel noted at the conference that Movant might have been willing to accept a five-year deal, but the defense never received such an offer, and counsel did not "hold out much [hope] of any sort of plea agreement." (Doc. 231 at 14-15). Movant did not attend the conference. (See Doc. 91).[3]

---

2  The statement executed by Movant's wife on August 9, 2012 states: "Counsel for [Movant] informed me on [April 19, 2007, the fourth and last day of Movant's trial, that] the Government had offered [Movant] a [plea] deal of 2 1/2 years." ([229] at 23). The affidavit executed by his mother on August 28, 2012 states: "On Wednesday, April 18, 2007, [Movant's counsel] stated to me that Prosecutor Hulsey made a plea offer to him for [Movant] of 2 1/2 years." (Id. at 24-25).

3  At the Friday April 13, 2007, pretrial conference, the prosecutor noted that the government's "last best offer to counsel, which I think he's conveyed to his client, . . . was . . . for ten years" to serve. ([231] at 13). The prosecutor noted that

The government next argues that Movant has never given any indication, prior to filing his § 2255 motion, that he would have been willing to accept even a two and one-half year plea deal. The government notes that, to this day, Movant argues that he is actually innocent of his crimes of conviction, which argument belies his claim that he would have accepted the alleged plea deal and negates any possible prejudice from trial counsel's alleged failure to communicate the deal to him. (Doc. 233 at 21-23). The government also notes that although Movant now contends that he learned of the plea offer during the four-year interval between his trial and his sentencing, he never mentioned that deal to anyone during that time, including in his responses to his Presentence Investigation Report and at sentencing, but he instead continued to assert his innocence, claiming "that Meheux's testimony was 'incredulous' and 'not worthy of belief.'" (Id. at 23-24).

Movant replies that the government's contention that there was no two-and-one-half-year plea offer "does not negate the possibility that 'a plea offer' was made at trial and was not communicated to . . . [him,] which would constitute a gross breach of duty by defense counsel." (Doc. 234 at 1). He contends that the ten-year plea offer "was never relayed" to him and that he would have accepted that offer because he was "disenchanted" with his trial counsel. (Id. at 1-2). He explains that he did not raise the plea offer issue earlier because (1) a claim of ineffective assistance of counsel is not appropriate in a motion to dismiss or on direct appeal, and (2) the Supreme Court only recently held that trial counsel can be ineffective for recommending that a plea offer be rejected, and thus he only recently became aware of the change in the law in this regard. (Id. at 2-3).

---

trial counsel "already presented that and [Movant] is not on board with that." (Id. at 14). The Court noted that at the previous pretrial conference, trial counsel "had said something about [Movant] might be happy with a five-year [sentence] and that was never—an impasse right now." (Id. 15). Trial counsel replied, "It was never offered." (Id.). Trial counsel stated that he would be flying back to New York later that day and returning to Atlanta in the early afternoon on Sunday. (Id. at 21-22). The conference ended at 3:22 p.m. ([91]).

(Doc. 236 at 9-12). On October 15, 2014, the Magistrate Judge held a hearing at which Movant, his trial counsel, and two witnesses called by Movant, his wife and mother, testified. Movant was represented by counsel. ([250], [251]). Movant filed a counseled Post-Hearing Brief [252]; the government filed a Response [254]; and Movant filed a counseled Reply [255].

      C.    <u>Evidentiary Hearing</u>

          1.   *Movant's Testimony*

On direct examination at the evidentiary hearing, Movant offered the following testimony. After his arrest in New York, his extradition to Georgia, and his first meeting with his trial counsel in Atlanta in August 2006, he "never met with him again until trial" in April 2007, although he "may have spoken to him once or twice on the phone." ([251] at 7). Movant was "not aware of any plea offers prior to trial." (<u>Id.</u> at 8). Trial counsel informed him after the lunch break on the third day of his trial that the government had made a plea offer, but counsel "basically kind of shrugged it off, you know, we're winning." (<u>Id.</u> at 8-9). On the Thursday or Friday before the trial began, trial counsel stopped by the detention facility where Movant was being held "for probably about two minutes to tell me that he was flying out, and he'd see me again the Sunday before my trial started on the Monday. So we never sat down. We never spoke, nothing." (<u>Id.</u> at 9).

Although trial counsel had no strategy, and he did not make any promises about the trial's outcome before it began, during the trial "he was oozing with confidence." (Id. at 9-10).  To Movant, "it was a joke, you know.  No investigation, no evidentiary hearings, nothing."  (Id. at 10).

When the trial began, Movant insisted on his innocence—and still does to this day, as noted below—but if a plea had been offered during the trial, he "probably would have accepted it" because "we were unprepared."  (Id. at 10).  On the third day of trial, after a witness testified that he did not recognize Movant, trial counsel returned from lunch break and "basically said the government offered him a plea. He kind of shrugged his shoulders and shook his head.  I didn't say anything at all, and we just proceeded."  (Id. at 11).  Movant did not pursue the matter because he did not understand that the decision whether or not to accept a plea offer was his to make, not counsel's.  (Id. at 11-12).

On cross-examination, Movant offered the following testimony.  His Section 2255 Motion was the first time he had asserted that, during his trial, he was denied the opportunity to plead to a two-and-one-half-year sentence, although he later corrected himself to note that in his correspondence with the Court (Judge Carnes) after his trial, he "may have mentioned that [he] heard that a plea offer was made." (Id. at 12-13).  He still "even today" maintains that he is innocent of his crimes of

conviction.  (Id. at 13; see id. at 14).  Trial counsel "never conveyed any of the [plea] offers before trial, during trial, or after trial."  (Id. at 14).  Movant only learned of the two-and-one-half-year plea offer from his wife and mother after the trial was over, although trial counsel did mention it in passing just as the trial was about to resume after the lunch break on the third day of his trial.  (Id. at 14-15).

On re-direct examination, Movant testified that trial counsel had told him that "a prosecutor had come to him during lunch and was trying to make a plea offer, but as far as he [counsel] was concerned, he wasn't interested."  (Id. at 15).  On re-cross-examination, Movant testified that despite his unflinching insistence that he is innocent, he "would have accepted a plea offer because of [trial counsel's] unpreparedness . . . during [the] trial."  (Id. at 16).  Movant also was questioned about a letter he had written to the Court on May 21, 2008, in which he stated "Clarke rejects [the] offer" at issue here.  (Id. at 37; see id. at 34-38; see also May 21, 2008 Letter at 3).  Movant attempted to explain the discrepancy between (i) his testimony that trial counsel had rejected the offer without Movant's even knowing what the offer was and (ii) his statement in the letter that he, Movant, had rejected the two-and-one-half-year offer.  He stated:

> I didn't say my attorney rejected the offer.  I said Clarke rejected the offer because at that point I did not even know.  During the trial, the offer was never stated to me.  I learned this after—I learned this from my wife and my mother because both of them basically had told me

8

that an offer was made, offer for two and a half years.  They were worried why I didn't accept the offer when I was facing a life sentence.  And I basically said, Mom, sweetheart, I've never heard that offer. . . . [Counsel] never told me of the details of the offer or anything.  He rejected it.  As far as I was concerned, [counsel] was representing me, had the power to accept offers or reject offers.  At that point, in my belief, I had no say-so in the matter.

([251] at 37-38).

Movant did not offer any testimony about his ten-year plea offer.

2.   *Testimony of Movant's Wife and Mother*

Movant's wife testified that on the last day of Movant's trial, counsel told her that the government had offered a plea deal for a two-and-one-half-year sentence.  (Id. at 18-20).  Because Movant was incarcerated, she could not have told him about the offer until after his trial was over.  (Id. at 20-21).  Movant's mother gave similar testimony.  (Id. at 26-33).  On cross-examination, after she first testified that trial counsel had told her about the plea offer "after everything was set," "after the trial," "after the verdict," she changed her testimony slightly and testified that "it wasn't really after the trial, the entire trial, because [it was on] the day before the end of the trial"—"it was during the trial."  (Id. at 30).  These family witnesses did not offer any testimony about a ten-year plea offer.

3.   *Trial Counsel's Testimony*

Trial counsel testified that the government never made a two-and-one-

half-year plea offer.  (Id. at 41-42).  Counsel would have jumped at such an

offer because Movant had already served a considerable portion of that time

as a pretrial detainee.  In fact, counsel had tried to convince Movant to accept

the government's ten-year plea offer made "just prior to trial, just a week

before trial."  (Id. at 42).  Movant, however, had declined the offer, although

counsel believed Movant would have accepted a five-year offer and tried to

convince the government to make such an offer.  (Id. at 42-43).  On Friday

April 13, 2007, counsel informed the Court of Movant's decision.  (Id. at 43).

The trial began on the following Monday, although counsel continued to press

Movant to accept the offer over the intervening weekend.  (Id.).

Trial counsel did not "remember any offer being made during trial after

we started the trial after jury selection.  But if two and a half years were

offered, it basically would have meant that [Movant] would have walked out

the door because he had already done two years prior to the commencement of

the trial."  (Id. at 44).  The government told trial counsel that Movant had been

detained approximately nine months before his trial started.  Trial counsel

testified further that he would have recommended accepting a two-and-one-

half-year offer had it been made.  "Certainly if a two and a half year offer

were made, I would have tried to convince him that that would be a really

good offer.  It would still be up to him. But I don't think that he would have refused that offer."  (Id. at 44-45).

Counsel explained his approach to any plea offer that he receives:  "I discuss every offer that is made to my client. . . .  Ultimately it's my client's decision whether to take the offer.  And I explain the offer and what it means. I explain the alternatives to a plea offer.  And in this case, I don't recall any offer being made after selection of the jury."  (Id. at 45).

On cross-examination, trial counsel testified that the ten-year plea offer "was conveyed months before we went to trial."  (Id. at 51).  When pressed on this point, however, he admitted that he did not "remember exactly when it was first made."  (Id.).  He never sends a client a letter memorializing a plea offer, rather he "would have told [Movant] orally either on the phone or in jail."  (Id. at 51-52).  On the weekend before the trial he stayed in Atlanta and met with Movant either on Saturday or Sunday, "or I could have met with him both days.  I don't recall.  I definitely met with him."  (Id. at 53).  He elaborated as follows:

> Well, in my meeting with him, I discussed the case and I discussed the offer.  And I think that's what we discussed.  We discussed the facts of the case.  We discussed who we thought would be testifying in the case, what the evidence in the case was, and the offers that were being conveyed because I was negotiating that disposition in this case from the very first when I first got on, when I was first retained in this case.

11

(Id.).

On re-direct examination, trial counsel acknowledged, based on the transcript of the Friday, April 13 pretrial conference, that he had been mistaken about spending the entire final weekend before the trial in Atlanta. He had returned to Atlanta early Sunday to meet with Movant.  (Id. at 55).

D.    R&R and Objections

On March 16, 2015, the Magistrate Judge issued his R&R.  In it, he found that Movant had effectively withdrawn his claim regarding the alleged two-and-one-half-year plea offer.  The Magistrate noted that Movant has "contradicted himself more than once as to when he learned of the plea deal allegedly offered on the third day of his trial and who rejected that offer."  (R&R at 21).  The Magistrate found "none of the evidence or testimony offered in support of Movant's claim that the government offered him a two-and-one-half-year plea deal to be credible," (id. at 22), and determined that Movant's claim fails on this ground.

The Magistrate found that Movant's claim regarding the ten-year plea offer also fails, including because movant has not carried his burden of persuasion as to his trial counsel's performance.  The Magistrate found trial counsel convincingly testified that he conveyed to Movant the government's last best plea offer of ten

years to serve, Movant rejected the offer, and trial counsel attempted to obtain a five-year offer instead, although no such offer was made.  (Id. at 24).  The Magistrate also found that Movant failed to demonstrate prejudice, because the record evidence shows that, even if Movant learned of the ten-year plea offer before trial, Movant would not have accepted it.  (Id. at 25).

On March 30, 2015, Movant filed his Objections.  Movant states that he withdraws his claim regarding the alleged two-and-one-half-year plea offer.  (Obj. at 3).  Movant objects to the Magistrate Judge's finding that trial counsel's testimony was credible.  Movant also argues that the record demonstrates that he would have accepted the ten-year plea offer, and he thus has shown prejudice. Movant's Objections are addressed in further detail below.

## II.    DISCUSSION

### A.    Review of a Magistrate Judge's Report and Recommendation

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject, or modify a magistrate judge's report and recommendation.  28 U.S.C. § 636(b)(1); Williams v. Wainwright, 681 F.2d 732, 732 (11th Cir. 1982) (per curiam).  A district judge "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  28 U.S.C.

§ 636(b)(1).  If no party has objected to the report and recommendation, a court conducts only a plain error review of the record.  United States v. Slay, 714 F.2d 1093, 1095 (11th Cir. 1983) (per curiam).

      B.      Ineffective Assistance of Counsel

The Supreme Court set forth the standard for evaluating claims of ineffective assistance of counsel in Strickland v. Washington, 466 U.S. 668 (1984); see Dell v. United States, 710 F.3d 1267, 1272 (11th Cir. 2013) (applying Strickland standard of review to ineffective assistance of counsel claim raised in Section 2255 motion).  "An ineffectiveness claim . . . is an attack on the fundamental fairness of the proceeding whose result is challenged."  Strickland, 466 U.S. at 697.  The analysis involves two components, but a court need not address both if the petitioner "makes an insufficient showing on one."  Id.

First, a federal court determines "whether, in light of all the circumstances, the identified acts or omissions [of counsel] were outside the wide range of professionally competent assistance."  Id. at 690.  The court "must be highly deferential" in scrutinizing counsel's performance and "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance."  Id. at 689.  In other words, the petitioner "must overcome the presumption that, under the circumstances, the challenged action might be

considered sound trial strategy." Id. (internal quotations omitted). "Given the strong presumption in favor of competence, the petitioner's burden of persuasion—though the presumption is not insurmountable—is a heavy one." Chandler v. United States, 218 F.3d 1305, 1314 (11th Cir. 2000) (en banc). Second, a federal court determines whether counsel's challenged acts or omissions prejudiced the petitioner, that is, whether "there is a reasonable probability"—one "sufficient to undermine confidence in the outcome"—that, "but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694.

In Missouri v. Frye, 132 S. Ct. 1399 (2012), and Lafler v. Cooper, 132 S. Ct. 1376 (2012), the Supreme Court "clarified that the Sixth Amendment right to the effective assistance of counsel extends specifically to the negotiation and consideration of plea offers that lapse or are rejected." Osley v. United States, 751 F.3d 1214, 1222 (11th Cir. 2014) (internal quotations omitted).

> The Court concluded that, in order to establish prejudice, a defendant must show a reasonable probability that but for counsel's ineffectiveness: (1) "the plea offer would have been presented to the court (i.e., that the defendant would have accepted the plea and the prosecution would not have withdrawn it in light of intervening circumstances)"; (2) "the court would have accepted its terms"; and (3) "the conviction or sentence, or both, under the offer's terms would have been less severe than under the judgment and sentence that in fact were imposed."

Id. (quoting Lafler, 132 S. Ct. at 1385, and citing Frye, 132 S. Ct. at 1409); see also

Gissendaner v. Seaboldt, 735 F.3d 1311, 1317 (11th Cir. 2013) (noting that long

before Lafler and Frye, the Supreme Court "recognized that the familiar two-part

[Strickland] test . . . applies to 'ineffective-assistance claims arising out of the plea

process'" (quoting Hill v. Lockhart, 474 U.S. 52, 57 (1985)); also quoting Frye,

132 S. Ct. at 1405 ("Hill established that claims of ineffective assistance of counsel

in the plea bargain context are governed by the two-part test set forth in

Strickland.")).

## III.   DISCUSSION

### A.   Withdrawal of Two-And-One-Half-Year Plea Offer Claim

The Magistrate Judge found that Movant has "essentially withdrawn his

claim regarding the alleged two-and-one-half year plea offer."  (R&R at 21).

Movant does not object to this finding, and, in fact, has "withdraw[n] his claim

regarding" this alleged offer.  (Obj. at 3).  The Court finds no plain error in this

finding and recommendation.  Slay, 714 F.2d at 1095.

### B.   Alleged Failure to Inform Movant of the Ten-Year Plea Offer

Movant claims that trial counsel never informed him about the government's

ten-year plea offer.  The Magistrate Judge found that Movant's claim is

inconsistent with his admission in his May 2008 letter that "Clarke rejected the

offer," which the Magistrate found was a "statement he cannot explain away by asserting that somehow his attorney rejected the offer."  (R&R at 22 (citing May 21, 2008 letter)).  The Magistrate also found that trial counsel convincingly testified that he conveyed to Movant the government's last best plea offer of ten years to serve, Movant rejected the offer, and trial counsel attempted to obtain a five-year offer instead, although no such offer was secured.  (Id. at 24).

Movant objects to the Magistrate Judge's finding that trial counsel's testimony was credible.  Movant states that trial counsel's "testimony was riddled with inconsistencies," and that his credibility is further diminished because he "essentially abandoned [Movant] after trial."  (Obj. at 7).  As further evidence that trial counsel is not credible, Movant notes that the R&R states trial counsel's failure to memorialize any plea offers made was "troubling."  (Id.).

Credibility determinations are best made by the fact finder, who has observed the testimony and the witnesses firsthand.  United States v. Ramirez-Chilel, 289 F.3d 744, 749-50 (11th Cir. 2002).  Accordingly, a district court may not reject the credibility determination of a magistrate judge without personally rehearing disputed testimony from the witness.  Untied States v. Powell, 628 F.3d 1254, 1256 (11th Cir. 2010).  Upon a careful review, the Court finds that the record amply supports the Magistrate Judge's decision to credit trial counsel's testimony

that he conveyed to Movant the government's last best plea offer of ten years to serve and that Movant rejected the offer.  Movant does not provide a reasonable, "articulable basis for rejecting the Magistrate Judge's original resolution of credibility," and the Court will not disturb his findings.  United States v. Richardson, 2016 WL 520536, at *1 (N.D. Ga. Feb. 10, 2016) (quoting United States v. Marshall, 609 F.2d 152, 155 (5th Cir. 1980)[4]).[5]

The Movant thus fails to meet his burden to show that any acts or omissions of his trial counsel "were outside the wide range of professionally competent assistance." Strickland, 466 U.S. at 690.

C.    Prejudice

Even if Movant could show that his trial counsel failed to inform him of the government's ten-year plea offer, Movant cannot show that he was prejudiced by this failure, as is required to make out a claim of ineffective assistance of counsel. See id. at 694.  The Magistrate Judge noted that, "[t]o this day, Movant maintains

_____

[4]      Fifth Circuit decisions handed down on or before September 30, 1981, are binding precedents in the Eleventh Circuit.  Bonner v. City of Prichard, 661 F.2d 1206, 1207 (11th Cir. 1981).

[5]      Movant also objects to the Magistrate Judge's finding that Movant's testimony was inconsistent.  The Court finds that the record supports the Magistrate's credibility determination as to Movant's testimony.  For the reasons detailed above, the Court will not disturb the Magistrate Judge's credibility findings.  Powell, 628 F.3d at 1256.

he is '[a]bsolutely' innocent." (R&R at 25 (quoting [251] at 16)). The Magistrate also noted that Movant "has essentially acknowledged that he would not have pled guilty before trial, although he now suggests that he 'probably would have accepted' a plea offer made 'during trial.'" (Id. (quoting [251] at 10)). The Magistrate concluded that the "record evidence shows that [Movant] would not have accepted" the ten-year plea offer. (Id.).

Movant argues that his claims of innocence do not foreclose his ability to show prejudice. (Obj. at 8-9). In support of his argument, he cites Osley v. United States, 751 F.3d 1214 (11th Cir. 2014), among other cases. In Osley, the Eleventh Circuit noted that, "[w]hile Osley's denial of guilt surely is not dispositive on the question of whether he would have accepted the government's plea offer, it is nonetheless a relevant consideration." Id. at 1224.

Here, the Magistrate Judge's determination that Movant cannot show prejudice was informed, in part, by Movant's insistence on his innocence. (R&R at 25). The Court notes also that Movant insisted on his innocence "both before and after trial, mak[ing] it more difficult to accept his claim that he would have taken a [ten]-year plea deal." Osley, 751 F.3d at 1225. Movant does not provide any additional evidence or argument in support of his prejudice claim. The Court,

on its *de novo* review, finds that Movant has failed to meet his burden to show prejudice.  See Chandler, 218 F.3d at 1314.

D.    Certificate of Appealability

In a Section 2255 proceeding, the Court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."  28 U.S.C. foll. § 2255, Rule 11(a).  A Section 2255 movant "cannot take an appeal unless a circuit justice or a circuit or district judge issues a certificate of appealability under 28 U.S.C. § 2253(c)."  Fed. R. App. P. 22(b)(1).  "A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  To make a substantial showing of the denial of a constitutional right, a Section 2255 movant must demonstrate "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further."  Miller-El v. Cockrell, 537 U.S. 322, 336 (2003) (citations and quotation marks omitted); see also Jimenez v. Quarterman, 555 U.S. 113, 118 n.3 (2009) ("When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim . . . a certificate of appealability should issue only when the prisoner shows both that jurists of reason would find it debatable whether the

petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.") (internal quotation marks omitted).  On its *de novo* review, the Court finds that Movant did not demonstrate that he is entitled to federal habeas relief or that the issues he presented are reasonably debatable.  The Court thus adopts the Magistrate Judge's finding and recommendation that a certificate of appealability be denied.[6]

## IV.   CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Movant Orlando Mark Wayne Clarke's ("Movant") Objections to the R&R [261] are **OVERRULED**.

**IT IS FURTHER ORDERED** that Magistrate Judge J. Clay Fuller's Final Report and Recommendation [256] is **ADOPTED**.

**IT IS FURTHER ORDERED** that Movant's Motion to Vacate his sentence under 28 U.S.C. § 2255 [229] is **DENIED**.

---

[6]    The Court disagrees with Movant's conclusory assertion "that reasonable jurists could debate whether this case should be resolved in a manner different than the report and recommendation."  (Obj. at 10).

**SO ORDERED** this 23rd day of February, 2016.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE